Gibbons, J.,
concurring in part and dissenting in part:
I concur with the majority that business owners must be compensated for the fair market value of their business when the business cannot be relocated. However, the district court abused its discretion by admitting into evidence the original purchase price of the business and precluding the respondents from introducing evidence of comparable sales and appraisals from California.
The majority acknowledges that the Cowans are entitled to the fair market value of their business. The fair market value of the business must be calculated as of the date of condemnation as set forth in NRS 37.120(1). The condemnation occurred in November 1999. The original price paid for the business by the Cowans in 1994 may have some slight historical relevance, but should have been excluded from evidence because of the danger of unfair prejudice, confusion of the issues, and the potential to mislead the jury.[1] Subject to the exception set forth in NRS 37.120(1), I further believe that the valuation as of the date of the actual commencement of the trial also has a danger of creating the same unfair prejudice.
With reference to the comparable California sales and appraisals, the evidence showed that there were insufficient comparable sales in Clark County to utilize for appraisal purposes. Therefore, the Cowans should have the right to present sales and appraisal information through expert opinion testimony based upon comparable California sales pursuant to NRS 50.275 and NRS 50.285. The Cowans’ expert would be subject to cross-examination by the State of Nevada. It would be up to the trier of fact to determine how much weight should be given to the testimony of an expert appraiser who utilizes valuations from comparable California sales.

NRS 48.035(1).